UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAUL B. STEPHAN** | : | **DOCKET NO. 15-cv-2458** |
| **D.O.C. # 316085** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Paul B. Stephan, aka Paul B. Stephen ("petitioner") [doc 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Allen Correctional Center. Keith Cooley ("respondent"), warden, has responded. [doc 16].

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

**I.
BACKGROUND**

*A. Conviction*

The petitioner was indicted in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on charges of (1) attempted second degree murder, (2) theft, and (3) second degree robbery. Doc. 1, att. 2, p. 3. The charges related to an incident in which the petitioner invited Cesar Torres

("victim") to his house on the pretense of introducing him to some girls. *State v. Stephan*, 79 So.3d 1175, 1176 (La. Ct. App. 3d Cir. 2011). The victim knocked on the petitioner's door but received no answer. *Id.* When the victim turned to leave, the petitioner shot him in the back of the head and then left him bleeding on a couch for five hours before seeking medical assistance. *Id.* Shortly before calling an ambulance the petitioner took the victim's credit cards and truck keys. *Id.* After the victim was transported to a hospital, the petitioner drove to Texas in the victim's vehicle and used his credit cards there. *Id.*

The state dismissed the first and second counts of the indictment. Doc. 1, att. 2, p. 7. The petitioner then entered a plea of guilty to one count of second degree robbery on September 14, 2010. *Id.* On November 10, 2010, he was sentenced to thirty years' imprisonment at hard labor. *Id.* at 9.

### B. Direct Appeal

The petitioner appealed his conviction and sentence, raising the following assignments of error through counsel:

1. The trial court erred in denying a motion to withdraw his guilty plea.
2. The petitioner received an excessive sentence.
3. Trial counsel was ineffective in failing to file a motion to reconsider sentence or to object to the sentence.

*Id.* at 11–26. The Third Circuit reviewed his claims on the merits and denied relief on December 7, 2011. *Stephan*, 79 So.3d at 1176–88. The petitioner filed a petition for a writ of certiorari to the Louisiana Supreme Court, but then filed a pro se motion to withdraw that petition. Doc. 16, att. 6, pp. 33–34. This motion was granted on February 1, 2012. Doc. 16, att. 4, p. 69.

### C. *Post-Conviction Relief*

The petitioner then filed an application for post-conviction relief in the trial court on January 31, 2012.[1] Doc. 1, att. 2, pp. 53–59. He raised the following claims for relief:

1. The state changed the charges after the guilty plea and made misrepresentations to the Third Circuit Court of Appeal.
2. The state engaged in prosecutorial misconduct.
3. Trial counsel was ineffective through numerous deficiencies in performance.[2]
4. The state agreed not to make any recommendation at sentencing during the petitioner's plea hearing, but then a different prosecutor recommended a "very stiff sentence" at the sentencing hearing.
5. The trial court listed the wrong minimum sentence at the plea hearing.

*Id.* at 57–61. The trial court summarily denied the application, finding that the petitioner had not complied with Articles 930.3 and 926 of the Louisiana Code of Criminal Procedure. Doc. 1, att. 2, p. 63. The petitioner sought review with the Third Circuit which affirmed on April 19, 2013, with the following statement: "There is no error to the trial court's ruling. *See* La. Code Crim. P. art. 926." Doc. 1, att. 2, p. 65. By his own admission, the petitioner did not seek review in the Louisiana Supreme Court. Doc. 1, att. 1, p. 4.

The petitioner then filed a second application for post-conviction relief on August 21, 2013. Doc. 1, att. 2, pp. 68–76. There he raised the following claims for relief:

1. The petitioner received ineffective assistance of counsel based on several alleged deficiencies by trial counsel.
2. The trial counsel erred in denying petitioner's motion to withdraw his guilty plea.
3. The guilty plea was not knowingly and intelligently entered.
4. The petitioner received ineffective assistance from his appellate counsel.
5. The state engaged in prosecutorial misconduct.

---

[1] The petitioner dated this pleading from February 26, 2012. *See* doc. 1, att. 2, p. 61. However, this date must be an error based on the fact that the trial court then ruled on his petition on February 2, 2012. *Id.* at 63. In ruling on the petitioner's second application for post-conviction relief, the trial court dated his first application from January 31, 2012. *Id.* at 90. Therefore, based on the date of decision, we treat January 31 as the date the first application was filed.
[2] This issue was split into two claims in the petitioner's brief. *See* Doc. 1, att. 2, pp. 57, 60–61.

*Id.* at 80–87. On October 7, 2013, the trial court denied relief based on the petitioner's failure to comply with LA. C. CR. P. art. 930.4 by raising the above claims in his first application for post-conviction relief. *Id.* at 90.

On December 24, 2013, the petitioner filed a Notice of Intent to Seek Writs with the trial court. *Id.* at 94–96. There he also sought an extension of time for filing his writ application. *Id.* On April 21, 2014, the trial court granted the petitioner until May 22, 2014, to have his application for supervisory writs of review filed with the Third Circuit. *Id.* at 108. The petitioner then timely filed his writ application with the Third Circuit on May 15, 2014.[3] *Id.* at 112–26.

The Third Circuit ruled on September 11, 2014, denying claims 1–3 and 5 as they had already been litigated on appeal. *Id.* at 131 (citing LA. C. CR. P. art. 930.4(A)). It reviewed claim 4 on the merits and affirmed the trial court's denial of relief. *Id.* The petitioner then sought review with the Louisiana Supreme Court, which issued the following ruling on August 28, 2015: "Denied. See La. C. Cr. P. art. 930.4(A) and La. C. Cr. P. art. 930.4(D)." *State ex rel. Stephan v. State*, 175 So.3d 402 (La. 2015).

### D. Federal Habeas Petition

The instant petition was filed on September 28, 2015. Doc. 1, p. 14. Here the petitioner raised two claims for relief: 1) ineffective assistance from trial counsel and 2) that the state engaged in prosecutorial misconduct. Doc. 1, pp. 5–8; doc. 1, att. 1, pp. 16–24.

---

[3] The petitioner amended his application in June 2014 to expand the factual basis for his claims. Doc. 1, att. 2, pp. 128–29.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is only tolled, however, while applications for state review are pending and not between resolution of state review and the filing of the federal habeas application. *See Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

*B. Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural

default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[4] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

## C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456,

---

[4] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 850 (2005), quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519–20 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a

different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

## III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

Here the petitioner's conviction became final when he concluded direct review of his case by withdrawing his petition for review in the Louisiana Supreme Court, which was granted on February 1, 2012. The limitations period was tolled one day before that, however, with the filing of the first application for post-conviction relief on January 31, 2012. Accordingly, no time accrued toward the one-year limit. The period remained tolled until the petitioner's time for seeking review of the Third Circuit's April 19, 2013 ruling expired on May 20, 2013. The clock then ran until the filing of the second application for post-conviction relief on August 21, 2013, allowing **93 days** to accrue.

The second application for post-conviction relief tolled the limitations period from August 21, 2013, until the Louisiana Supreme Court's ruling on August 28, 2015. From August 28, 2015, until the filing of the instant petition on September 28, 2015. During that time an additional **31 days** accrued. Accordingly, only **124 days** accrued against the one-year limit and the instant petition is timely.

### B. Exhaustion of State Court Remedies and Procedural Default

Both of the claims raised in the instant petition were only partially exhausted in the petitioner's first application for post-conviction relief. They received full review by the relevant state courts on the second application. However, the last state court to render a judgment on those claims did so on the basis of noncompliance with LA. C. CR. P. arts. 930.4(A) & 930.4(D). Accordingly, both claims may be subject to procedural default. [5]

Article 930.4 sets the Louisiana criminal procedure guidelines for second or successive applications for post-conviction relief. The section cited here provides that, "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered" and that a successive application "shall be dismissed if it fails to raise a new or different claim." LA. C. CR. P. arts. 930.4(A) & 930.4(D). Fifth Circuit jurisprudence holds, at least as far as 930.4(A), that the article is not grounds for traditional procedural default and thus does not bar this court from considering the merits of such claims. *Bennett v. Whitley*, 41 F.3d 1581, 1582–83 (5th Cir. 1994).

However, *Bennett* involved claims that had been fully exhausted on direct appeal. *Id.* at 1582. As this court previously noted, it "cannot be read as allowing a federal *habeas* petitioner to obtain merits review of unexhausted claims by presenting these claims through the 'backdoor' under *Bennett*." *Johnson v. Cain*, 2015 WL 4605636, *8 (W.D. La. Jul. 30, 2015). Here, as in *Johnson*, the petitioner did not exhaust the claims before presenting them in an improper second

---

[5] The petitioner challenges the correctness of La. C. Cr. P. art. 930.4's application to his claims raised on direct appeal, as he contends that his initial application for post-conviction relief was improperly filed while his appeal was still pending and should have been dismissed on that basis instead. However, as stated below, we are not recognizing the use of La. C. Cr. P. art. 930.4 as grounds for traditional procedural default and are instead focused on the petitioner's failure, by his own actions, to exhaust those claims.

application for post-conviction relief. Therefore those claims actually remain unexhausted and are now subject to technical procedural default.

    A procedural default may still be avoided, however, if the petitioner can show cause and resulting prejudice for his default or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997).

    Here the petitioner alleges that he was missing parts of the record relating to his post-conviction proceedings. Doc. 17, pp. 1–2. As such, he contends that the respondent "has placed factual matters before this Honorable Court which were previously unknown" when the instant petition was filed. However, the only relevant unknown matter that he specifies is the fact that his motion to dismiss relating to his direct appeal was granted by the Louisiana Supreme Court. This was obviously known to the petitioner, as he filed the motion himself and the decision reflects that it was mailed to him at his place of confinement. *See* doc. 16, att. 4, p. 69. Furthermore, his argument that the motion to dismiss was granted after his application for post-conviction relief was filed is irrelevant to our determination of technical procedural default. *See* supra note 5. Thus the petitioner has not shown adequate cause and prejudice to excuse the procedural defaults.

The petitioner also provides no basis from which this court could determine factual innocence. His contention that he is entitled to an evidentiary hearing on the issue of his procedural defaults is likewise without merit, as the matter of technical procedural default can be determined from the record and he does not show how extra-record evidence would entitle him to relief.[6] *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007). Accordingly, both claims raised in this petition are subject to technical procedural default and not entitled to review on the merits.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[6] In addition to his allegations concerning the dates of certain decisions, which we have already found irrelevant *supra*, the only other claim raised by petitioner in support of his argument against procedural default is that his attorney could support his claim of factual innocence by testifying that the other charges were "dismissed outright." Doc. 17, p. 6. However, the dismissal of the charges is already reflected in the record and the state's decision not to pursue them does not support the petitioner's claim that he was innocent of second degree robbery.

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 18 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE